UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHANEY JENKINS,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK,

                Defendant.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-4411 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 13 2011 ★

BROOKLYN OFFICE

MAUSKOPF, United States District Judge:

Plaintiff Chaney Jenkins filed this *pro se* action under 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, this action is dismissed.

**DISCUSSION**

Plaintiff brings this action seeking to withdraw his May 28, 1991 guilty plea to second degree murder in Kings County Supreme Court. In sum and substance, plaintiff's complaint is a point by point recitation of the deficiencies in his state court criminal case, state court appeal and post-conviction proceedings. Plaintiff is now on parole supervision. Compl. at 7.

Section 1983 provides a civil claim for damages against any person who, acting under color of any state law, deprives another of a federal constitutional or statutory right. *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). Here, plaintiff "requests that this Honorable Court grant the relief claim and Plea under indictment Number 254/90 should be withdrawn." *Id.* As such, a habeas corpus petition is the proper procedure for plaintiff to obtain the relief he seeks,

not a § 1983 action.[1] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999); *Abdul-Hakeem v. Koehler*, 910 F.2d 66, 68-69 (2d Cir. 1990); *Clarke v. Lapera*, No. 05-CV-2922, 2005 WL 2445470, *3 (E.D.N.Y. Sept. 29, 2005).[2]

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

DATED: Brooklyn, New York
January 31 2011

---

[1] The Court notes that parole satisfies the "in custody" requirement of § 2254 petitions. *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006).

[2] The Court further notes that plaintiff previously challenged the same conviction by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition was denied in October of 2003. *Jenkins v. Beaver*, No. 01-CV-0483 (JBW), 2003 WL 23185773, at *5 (E.D.N.Y. Oct. 28, 2003). In May of 2004, the United States Court of Appeals for the Second Circuit issued a mandate dismissing petitioner's appeal. *Jenkins v. Beaver*, No. 03-2909 (2d Cir. May 14, 2004). Plaintiff is advised that before he files a second or successive § 2254 petition, he must move in the United States Court of Appeals for the Second Circuit for permission to pursue such an application. *See* 28 U.S.C. § 2244(b)(3)(A).